UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BBC WORLDWIDE LIMITED, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Docket No. 06-cv-113-P-S |
| | ) | |
| BEE LOAD LIMITED, | ) | |
| | ) | |
| Appellee. | ) | |

**ORDER AFFIRMING THE DECISION OF THE BANKRUPTCY COURT**

SINGAL, Chief District Judge

Before the Court is an appeal brought by BBC Worldwide Limited ("BBC" or "Appellant"). By way of this latest appeal, BBC asks this Court to review the Bankruptcy Court's May 12, 2006 denial of BBC's Renewed Motion to Dismiss. As briefly explained below, the Court DENIES BBC's appeal and AFFIRMS the decision of the Bankruptcy Court.

This appeal represents another chapter in the parties' ongoing fight over the proper forum for litigating their substantive contract disputes. Bee Load Limited ("Bee Load" or "Appellee"), the debtor before the Bankruptcy Court, first pursued litigation against BBC in 2003 via filing a complaint with Maine Superior Court. In 2005, BBC filed its own case against Bee Load in England's High Court. The expenses incurred in litigating in this second forum allegedly drove Bee Load to file a Chapter 11 petition with the Bankruptcy Court on March 9, 2006. BBC, not surprisingly, disputes Bee Load's motivation for seeking bankruptcy protection and claims that Bee Load's bankruptcy filing is in bad faith, amounting to nothing more than a last ditch effort to avoid litigation before the High Court in

London.  On this basis, BBC sought dismissal of Bee Load's Chapter 11 petition pursuant to 11 U.S.C. § 1112(b).

When a party chooses to appeal a bankruptcy court decision to the district court pursuant to 28 U.S.C. § 158(a), the district court generally reviews the bankruptcy court's conclusions of law *de novo* and any factual findings under the more deferential clearly erroneous standard.  See, e.g., Davis v. Cox, 356 F.3d 76, 82 (1st Cir. 2004); Groman v. Watman (In re Watman), 301 F.3d 3, 7 (1st Cir. 2002).  The First Circuit has also declared that a bankruptcy court's ruling on a motion to dismiss for cause may only be overturned upon a finding that there was "an abuse of discretion . . . or the application of an erroneous legal standard."  In re Abijoe Realty Corp., 943 F.2d 121, 128 (1st Cir. 1991).  In light of these standards and having given full consideration to both the written submissions of the parties on appeal, as well as the entire record that served as the basis for the Bankruptcy Court's ruling, the Court finds no basis for overturning the Bankruptcy Court's May 12, 2006 denial of BBC's Renewed Motion to Dismiss.

In connection with its decision on BBC's Motion to Dismiss, the Bankruptcy Court appropriately held an evidentiary hearing on May 11, 2006 receiving testimony and exhibits that served as the basis for its factual findings.  Based this record, the Bankruptcy Court noted that this case was in important respects "different from all the litigation strategy cases." (May 12, 2005 Tr. at 14.)  Ultimately, the Bankruptcy Court's decision to deny the Motion to Dismiss relied upon the unique facts and circumstances presented, which it found to be a good faith basis for seeking Chapter 11 protection.  This conclusion does not reflect an abuse of the Bankruptcy's Court's wide discretion or the application of an erroneous legal

standard for determining bad faith, which undoubtedly requires "fact intensive analysis." In re SGL Carbon Corp., 200 F.3d 154, 156 (3rd Cir. 1999).

The First Circuit has not expressly stated a test or list of factors to be utilized in determining what constitutes a bad faith filing subject to dismissal under 11 U.S.C. § 1112(b).  Thus, it is not clear that the First Circuit would endorse the two-prong test for bad faith dismissal endorsed by the Fourth Circuit in Carolin.  See Carolin Corp. v. Miller, 886 F.2d 693, 701 (4th Cir. 1989).  Nonetheless, the Bankruptcy Court considered both Carolin prongs and concluded that Bee Load's Chapter 11 petition did not reflect any subjective bad faith and was not objectively futile.  (See May 12, 2005 Tr. at 9.)  Assuming for the moment that a dismissal for bad faith requires either this two-prong finding of objective futility and subjective bad faith or, at least, a finding of subjective bad faith alone,[1] the Court finds no basis for overturning the Bankruptcy Court's conclusions with respect to the lack of objective futility or the lack of subjective bad faith.

In short, the Court is satisfied that upon reviewing the "totality of the circumstances," the Bankruptcy Court correctly concluded that Bee Load's Chapter 11 petition did not meet the standard of bad faith required for dismissal pursuant to 11 U.S.C. § 1112(b).  In re PPI Enterprises, Inc., 324 F.3d 197 (3rd Cir. 2003).  BBC's Appeal (Docket # 1) is therefore DENIED and the Bankruptcy Court's May 12, 2005 denial of the Renewed Motion to Dismiss is hereby AFFIRMED.

In connection with this briefing done on this appeal, Bee Load filed an ancillary motion titled, "Motion to Strike Certain Portions of Appellant's Brief as Containing Matters Outside the Record on Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8011 and

---

[1] See, e.g., In re Cedar Shores Resort, Inc., 235 F.3d 375 (8th Cir. 2000) (noting that "many courts have held that bad faith alone is sufficient to warrant dismissal, regardless of the possibility of reorganization").

4

Local District Court Rule 7" (Docket # 8).  Because the Court has concluded that it would reach the same result regarding the merits of the pending appeal even after having considered the portions of Appellant's Brief that Bee Load seeks to strike, the Court deems this Motion MOOT and DENIES Bee Load's Motion to Strike (Docket # 8) on that basis.

    SO ORDERED.

                                                  /s/ George Z. Singal
                                                  Chief U.S. District Judge

Dated this 15th day of September 2006.